```
             UNITED STATES DISTRICT COURT
                      FOR THE
             MIDDLE DISTRICT OF PENNSYLVANIA
```

MAURICIO ARGUETA,                       :
                                        :
      Petitioner                       :   No. 4:CV-05-0911
                                        :
  vs.                                   :   Petition Filed 05/04/05
                                        :
BUREAU OF IMMIGRATION AND CUSTOMS       :   (Judge Muir)
ENFORCEMENT, INTERIM FIELD OFFICE       :
DIRECTOR FOR DETENTION AND REMOVAL      :
FOR THE PHILADELPHIA DISTRICT,          :
                                        :
      Respondents                      :

**ORDER**

May 4, 2005

    THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    On May 4, 2005, Petitioner Mauricio Argueta, a native of El Salvador, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, an emergency stay of his allegedly imminent deportation, and a request to proceed *in forma pauperis*.

    According to his petition a final order of deportation has been issued against him by the United States Bureau of Immigration and Customs Enforcement.  Argueta alleges that his removal would be contrary to the controlling precedent established by the Court of Appeals for the Third Circuit in Ponnapula v. Ashcroft, 373 F.3d 480 (3d Cir. 2004), which held that a certain provision of the Illegal Immigration Reform and Immigrant Responsibility Act could not be applied retroactively.

The specific provision at issue repealed the availability, pursuant to § 212(c) of the Immigration and Nationality Act, of discretionary relief from deportation for aliens convicted of aggravated felonies who served term of imprisonment of less than five years. Argueta argues that <u>Ponnapula</u> applies in this case and that he has unlawfully been denied an opportunity to file a request for discretionary relief pursuant to § 212(c) of the Immigration and Nationality Act before he is removed from this country. Argueta also contends that the offense for which he is being deported is, contrary the government's position, not an "aggravated felony," as that phrase is defined and used in the immigration laws.

In the case of <u>Douglas v. Ashcroft</u>, 374 F.3d 230 (3d Cir. 2004), the United States Court of Appeals for the Third Circuit established the standard for granting a stay of removal pending review of a habeas corpus petition. The court in <u>Douglas</u> applied the same elements which govern a motion for a preliminary injunction. The court held that

> a petitioner requesting a stay of removal must demonstrate (1) a likelihood of success on the merits of the underlying petition; (2) that irreparable harm would occur if a stay is not granted; (3) that the potential harm to the moving party outweighs the harm to the opposing party if a stay is not granted; and (4) that the granting of the stay would serve the public interest.

Id., at 233, 234.

Argueta appears to have met those elements because, on the face of his petition, he has shown that the court's holding in <u>Ponnapula</u> may apply to his case.  In addition, Argueta alleges that his family will suffer irreparable if he is removed from the United States because he supports the family and he has a son with Down's Syndrome.  Under the circumstances alleged in Argueta's petition, we are of the view that the potential harm to him outweighs the harm to the government, if any, should a stay not be granted, and that granting the stay would serve the public interest.

We will grant Argueta's request for a stay of deportation and establish a briefing schedule on Argueta's petition.  We will also grant Argueta's motion to proceed *in forma pauperis*.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Argueta's motion (Document 2) to proceed *in forma pauperis* is granted.

2. Argueta's motion (Document 1) to stay his deportation is granted.

3. The Clerk of Court is directed to serve a copy of Argueta's petition and this order on the respondent and the United States Attorney.

4. Respondent, within twenty days after the date of this order, shall respond to the allegations in the petition for writ of habeas corpus.

5. Argueta may, within 15 days after the filing of the response, file a reply brief.

                                        s/Malcolm Muir
                                        MUIR, U. S. District Judge

MM:ga